UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number _____

Christina Curran,
    Plaintiff,

v.

Experian Information Solutions, Inc,
Equifax Information Services, LLC,
Trans Union, LLC,
GE Capital Retail Bank,
    Defendants.

## COMPLAINT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. 1681, the Fair Credit Reporting Act.

2. The jurisdiction of this Court is conferred by 15 U.S.C. 1681(p).

3. Plaintiff is a natural person and resident of the State of Colorado. She is a "consumer" as defined by 15 U.S.C. 1681a(c).

4. Experian Information Solutions, Inc ("Experian") is an Ohio corporation authorized to do business in the State of Colorado, through its registered offices at 1675 Broadway, #1200, Denver, CO 80202.

5. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company authorized to do business in the State of Colorado, through its registered offices at 1560 Broadway Ste 2090, Denver, CO 80202.

6. Trans Union, LLC ("Trans Union") is a Delaware limited liability company authorized to do business in the State of Colorado, through its registered offices at 1560 Broadway Ste 2090, Denver, CO 80202.

7. GE Capital Retail Bank ("GE") is insured by the FDIC, with its principal place of business located at 950 Forrer Blvd, Kettering, OH 45420.

8. Experian is a "consumer reporting agency" as defined in 15 U.S.C. 1681(f) because they regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. 1681(d) to third persons.

9. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. 1681(f) because they regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. 1681(d) to third persons.

10. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. 1681(f) because they regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. 1681(d) to third persons.

11. In or around November 2007, the Plaintiff opened up Sams Club credit card *3000 for her own personal use with GE.

12. At some point thereafter, the Plaintiff fell upon financial difficulties and fell behind on payments.

13. GE sent the Plaintiff a letter dated October 4, 2010, which offered to settle credit card *3000 in the amount of $760.68.

14. The Plaintiff accepted GE's settlement offer to the settle account for $760.68.

15. GE and the Plaintiff agreed that once the Plaintiff paid the settlement in full, GE would furnish to Experian, Trans Union, and Equifax as "Account paid in full for less than the full balance."

16. On November 1, 2010, GE sent the Plaintiff a letter confirming their telephone conversation and that the Plaintiff would settle the account for $760.68 payable by no later than April 1, 2011.

17. The Plaintiff fulfilled her part of the deal by paying GE $760.68 before the deadline agreed to by the parties.

18. GE did not fulfill its promises to report the account as "Account paid in full for less than the full balance."  Instead, GE falsely reported the account as a "charge off" and "past due."

19. On or around June 12, 2012, Plaintiff wrote a letter to Experian, Equifax, and Trans Union informing them of GE's false credit reporting.  Plaintiff attached copies of the settlement letters between Plaintiff and GE, and copies of the Plaintiff's bank statements to prove that payment was made.  Plaintiff requested that Experian, Equifax, and Trans Union verify and delete the erroneous GE representations from her credit file.

20. On July 9, 2012, Equifax responded to the Plaintiff's dispute and failed to delete the false information that GE had furnished to it about the Plaintiff.  On information and belief, Equifax did not contact GE, or evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any attempt to reasonably verify the GE representations.

21. In the alternative to the allegation that Equifax failed to contact GE, it is alleged that Equifax did forward some notice of the Plaintiff's dispute to GE and GE failed to conduct a lawful investigation.

22. On July 31, 2012, Experian responded to the Plaintiff's dispute and failed to delete the false information that GE had furnished to it about the Plaintiff.  On information and belief, Experian did not contact GE, or evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any attempt to reasonably verify the GE representations.

23. In the alternative to the allegation that Experian failed to contact GE, it is alleged that Experian did forward some notice of the Plaintiff's dispute to GE and GE failed to conduct a lawful investigation.

24. On July 10, 2012, Trans Union responded to the Plaintiff's dispute and failed to delete the false information that GE had furnished to it about the Plaintiff.  On information and belief, Trans Union did not contact GE, or evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any attempt to reasonably verify the GE representations.

25. In the alternative to the allegation that Trans Union failed to contact GE, it is alleged that Trans Union did forward some notice of the Plaintiff's dispute to GE and GE failed to conduct a lawful investigation.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

26. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

27. Equifax violated 15 U.S.C. 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to GE; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know has been unreliable in the past.

28. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

29. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined at trial. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

30. The Plaintiff is entitled to recover costs and attorney fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

31. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

32. Experian violated 15 U.S.C. 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to GE; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know has been unreliable in the past.

33. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

34. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined at trial. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

35. The Plaintiff is entitled to recover costs and attorney fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST TRANS UNION

36. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

37. Trans Union violated 15 U.S.C. 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to GE; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know has been unreliable in the past.

38. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

39. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined at trial. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

40. The Plaintiff is entitled to recover costs and attorney fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and/or 1681o.

### FIRST CLAIM FOR RELIEF AGAINST GE

41. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

42. GE violated the FCRA, 15 U.S.C. 1681s-2(b) by continuing to the GE representation within Plaintiff's credit file with Equifax, Experian, and Trans Union without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the GE representation; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Trans Union; by failing to correctly report the results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the GE representations to the consumer reporting agencies.

43. As a result of this conduct, action and inaction of GE, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

44. GE's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined at trial. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.

WHEREFORE, the Plaintiff prays for the following relief:

   a. Actual damages;
   b. Punitive damages;
   c. Joint and Several liability against Defendants;
   d. Statutory Damages;
   e. Attorney fees and Costs;
   f. Pre-judgment and Post-judgment interest;
   g. For such other relief as is equitable and proper;

Dated this 12th day of September 2012.

s/ Matthew R. Osborne #40835
2055 S. Oneida St, Ste 370
Denver, CO 80224
(303) 759-7018
matthewosbornelaw@gmail.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**