IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 12-cv-02425-CMA-KLM

CHRISTINE CURRAN,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC., and
GE CAPITAL RETAIL BANK,

    Defendants.

---

## ORDER DENYING MOTION TO DISMISS

---

This matter is before the Court on Defendant GE Capital Retail Bank's ("GE") Motion to Dismiss. (Doc. # 9.) GE requests that the Court dismiss this case because there is another lawsuit pending between these parties in Colorado state court. For the reasons set forth below, GE's Motion is denied.

### I. BACKGROUND

On June 19, 2012, GE filed an action for collection against Plaintiff Christine Curran ("Curran") in Colorado state court. Curran filed an answer and counterclaims to GE's lawsuit on July 25, 2012. (Doc. # 9-1.) The counterclaims are for violation of Colorado Revised Statute, § 5-5-109, defamation, and willful breach of contract. (*Id.*) The first two counterclaims concern allegations that GE made false statements to various credit reporting agencies.

Curran initiated this action on September 12, 2012 by filing a Complaint, alleging that GE and the other two named defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (Doc. # 1.)  On October 5, 2012, GE filed the instant motion to dismiss, contending that the Court should dismiss Curran's FCRA claims against GE because the claims could have been brought in state court.  (Doc. # 9.)  Curran responded the same day (Doc. # 12), and GE did not file a reply.

## II. DISCUSSION

### A.    *COLORADO RIVER* DOCTRINE

As basis for the instant motion, GE invokes the *Colorado River* doctrine.[1]  The *Colorado River* doctrine permits federal courts to "dismiss or stay a federal action in deference to pending parallel state court proceedings" where the federal court would otherwise have concurrent jurisdiction with the state court.  *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir.1994) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  In such situations, it lies within the discretion of the district court to stay or dismiss the federal action for reasons of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Id.* (quoting *Colorado River*, 424 U.S. at 817).  However, federal

---

[1] GE also cites to *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), but does not explain why that case would require dismissal.  As Curran correctly observes, *Brillhart* concerns jurisdiction over claims brought under the Federal Declaratory Judgment Act.  *See id.* at 494-95.  Under that Act, district courts have discretion in determining whether to declare the rights of litigants when duplicative state proceedings exist.  *See United States v. City of Las Cruces*, 289 F.3d 1170, 1180-81 (10th Cir. 2002).  This action does not arise under the Federal Declaratory Judgment Act and, thus, *Brillhart* has no applicability here.

courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them, and "declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in exceptional circumstances." *Id.* at 1081; *see also Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959) (stating that the doctrine of abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."). The Supreme Court has cautioned that granting a stay or dismissal pursuant to the *Colorado River* doctrine would be "a serious abuse of discretion" unless "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issue between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). Thus, this Court's task "is not to find some substantial reason for the exercise of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of the jurisdiction." *Id.* at 25–26 (emphasis removed).

In analyzing whether such exceptional circumstances exist to justify a stay or dismissal under *Colorado River*, courts consider a number of non-dispositive factors. *See Fox*, 16 F.3d at 1082 (listing factors). "Before examining these factors, however, a federal court must first determine whether the state and federal proceedings are parallel." *Id.* at 1081. If the cases are not parallel, federal courts must exercise jurisdiction. Suits are considered parallel when substantially the same parties litigate substantially the same issues in different forums. *See id.* Although some circuits "seem

to consider how the state proceedings could have been brought in theory," the Tenth Circuit has rejected that approach, instructing district courts to "examine the state proceedings **as they actually exist** to determine whether they are parallel to the federal proceedings." *Id.* (emphasis in original). This approach is preferred by the Tenth Circuit because "the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *See id.* at 1081-82 (quoting *Moses H. Cone*, 460 U.S. at 28).

**B.  THE CASES ARE NOT "PARALLEL"**

It appears undisputed that both GE and Curran are parties in both the instant action and the Colorado state court action. However, it is entirely unclear how much overlap there is between the two cases. In her response to the instant motion, Curran asserts that her answer and counterclaims in Colorado state court concern GE's conduct before the June 19, 2012 lawsuit, whereas the instant case is based on the allegation that GE violated the FCRA **after** the June 19, 2012 lawsuit was filed. (Doc. # 12 at 1.) This assertion is difficult to verify because Curran's answer in the Colorado state case does not contain any dates with respect to her counterclaims. (Doc. # 9-1.) The Court also notes that Curran's answer was served on July 13, 2012 (*see id.*), and that some of the allegations in the Complaint occurred prior to July 13, 2012. (Doc. # 1.) Nevertheless, there are some factual allegations in Curran's Complaint that regarding GE's conduct after July 13, 2012. (Doc. # 1, ¶ 22.) Furthermore, GE did not

4

file a reply and so the Court will presume that Curran's assertions in her response are uncontested. Thus, Curran's counterclaims in state court and her claims in the instant case may both be against GE, but the claims in the instant case concerns conduct that occurred arose only after Curran filed her counterclaims. As such, it does not appear that the issues are substantially the same.

Moreover, in the Colorado state court action, Curran alleges that GE "engaged in unconscionable debt collection pursuant to C.R.S. [§] 5-5-109 by reporting false information about [Curran] to the credit reporting agencies." (Doc. # 9-1 at 1.) In this case, Curran alleges that GE violated the FCRA, 15 U.S.C. § 1681s-2(b), by reporting Plaintiff's debt to Equifax, Experian, and Trans Union :

> without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the GE representa-tion; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Trans Union; by failing to correctly report the results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the GE represen-tations to the consumer reporting agencies.

(Doc. # 1, ¶ 42.) Even if there is some overlap between the counterclaims in Colorado state court and the claims here, the instant action raises questions about whether GE failed to conduct a reasonable reinvestigation of Plaintiff's dispute and whether it notified the credit reporting agencies of the results of the reinvestigation. *See* 15 U.S.C. § 1681s-2(b)(A), (C). These issues are broader than the narrow issue of whether GE

reported false information to credit reporting agencies in violation of C.R.S. § 5-5-109.[2]
Thus, the claims in the instant action are not parallel to the claims currently pending in Colorado state court and resolution of the Colorado state court lawsuit would not necessarily be determinative of the claims pending against GE in this case.  *See Fox*, 16 F.3d at 1081–82 (finding that cases sufficiently parallel to justify abstention must "necessarily contemplate that the federal court will have nothing further to do in resolving any substantive part of the case"); *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988) (holding that a federal court may enter a stay under *Colorado River* only if it has "full confidence" that the state litigation will end the parties' dispute).

Because the Court concludes that this case and the Colorado state court action are not parallel actions, the *Colorado River* doctrine does not apply.  *See Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir.1995) (directing the district court to retain jurisdiction if it determines the cases are not parallel, and only determine whether to abstain under the *Colorado River* doctrine if it first finds the cases are parallel).

---

[2] Under Colorado law, a counterclaim is compuslory if it is "logically related" to the **subject matter** of the opposing party's claim.  *See Dinosaur Park Invs., L.L.C. v. Tello*, 192 P.3d 513, 517 (Colo. App. 2008).  The underlying state complaint filed by GE was an action for collection of a debt allegedly owed by Curran.  Whether GE violated the FCRA subsequent to filing that action is not logically related to the subject matter of its original claim.  Thus, the claims raised here would not be considered compulsory counterclaims under Colorado law.

## III. **CONCLUSION**

Based on the foregoing, it is ORDERED that the Motion of GE Capital Retail Bank to Dismiss (Doc. # 9) is DENIED.

DATED: January __04__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge